UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BAYER CROPSCIENCE LP and MONSANTO TECHNOLOGY LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>PATRICK R. LOVETT d/b/a PAT LOVETT and LOVETT FARMS<br><br>    Defendant. | Case No.4:23CV01393 HEA |

**OPINION, MEMORANDUM AND ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER FOR EXPEDITED DISCOVERY**

This matter is before the Court upon the Motion of Plaintiffs for a Temporary Restraining Order and Expedited Discovery to prevent the spoliation of evidence in this case. The Court, having entertained argument and fully reviewed the materials submitted in support of the motion, finds that Plaintiffs are entitled to a temporary restraining order, without prior notice to Defendant.

Plaintiffs have demonstrated a substantial likelihood of prevailing on the merits. Based upon Defendant (a) farming acres with Xtend soybean seeds in excess of his legitimately purchased seed, (b) planting seed saved from a prior harvest, and (c) tilling his fields and destroying evidence after being warned not to, it is highly likely that the crop and/or seeds within the possession of Defendant contain Plaintiffs'' patented biotechnology. In addition, there is a substantial threat of irreparable injury if the restraining order is not granted, that the threatened injury to Plaintiffs outweighs the threatened harm that a temporary restraining order may cause Defendant; and that the granting of a temporary restraining order is in the public interest.

In particular, a temporary restraining order without prior notice to Defendant is warranted given that he has begun destroying evidence, after being warned against doing so. The court agrees that Notice here would only serve to provide Defendant with further opportunity to complete his destruction prior to the grant of a temporary restraining order. Moreover, Plaintiffs have indicated that they can quickly complete the requested inspection and collection of evidence, meaning that there will be little if any harm to Defendant.

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court now enters a Temporary Restraining Order against Defendant, Patrick R. Lovett ("Defendant"), and any other related entity conducting farming operations (including any entity through which Defendant farms, conducts any farming activity, or in which Defendant has any interest), enjoining them:

(a) From destroying, tampering, transferring, removing or engaging in any activity in regard to any soybeans, harvested soybeans, or crop residue, currently growing, stored, maintained or existing at any location or facility in Defendant's possession, custody or control which may result in the destruction, spoliation or secreting away of soybeans, harvested soybeans, or crop residue;

(b) From removing, collecting, transferring, or obtaining in any other manner or from any source, soybean seed or residue, including Defendant's 2023 soybean crop and any soybeans in storage;

(c) From destroying, transferring, removing or disposing of, in any way, records, whether retained in "hard" copy (such as on paper) or electronically, pertaining to infringement of the patents, such as, but not limited to, all purchase receipts, scale tickets, weigh tickets, chemical application records,

    and/or seed and chemical invoices, seed and chemical sales, exchanges, credits, returns and purchases transaction records, seed bag purchase records, and/or any other documents relating to Defendant's business operations;

(d)    From any action that would hinder Plaintiffs' ability to identify the presence of Bayer CropScience's Roundup Ready 2 Xtend® and/or XtendFlex® soybean seed technology that is either in the possession, custody or control of Defendants, such as, but not limited to, disposing of or transferring, by any means, seed or crop residue before they can be subjected to testing for the presence of the seed technologies, or any tillage of the soil of any field owned or farmed by Defendant (whether directly or indirectly with an entity through which he farms or owns an interest in); and

(e)    From destroying or disposing of any business records of Defendant or any related entity that in any way relate to Defendant's farming operations or that pertain to Defendant's agriculturally related endeavors.

**IT IS FURTHER ORDERED** that the Motion for Expedited Discovery is **GRANTED**. Defendant is ordered to respond to the propounded Interrogatories, Requests for Production, and Request to Inspect within three (3) days of service of the same by delivering the response to Plaintiffs' agents, who will pick up the same at Defendant's residence.

**IT IS FURTHER ORDERED** that Defendant will immediately identify to Plaintiffs', its agents, or investigators, all lands farmed or owned by him, and Plaintiffs are granted immediate access to all such fields for the purpose of conducting further investigation, including, but not limited to, taking inventory, sampling, photographs, and video.

**IT IS FURTHER ORDERED** this order is effective from this date for a period of 10 days and subject to an order of extension or dissolution on or before November 12, 2023.

- 4 -

Dated this 2nd day of November, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE